### LAMPKIN *et al.* v. NORTHINGTON.

By the Court. 1. Where a garnishee filed in a justice's court an answer admitting indebtedness, and paid the money into court, the answer setting up that the fund due to the debtor was, for reasons stated, exempt from the process of garnishment, and the magistrate thereupon entered a judgment that the fund was not so exempt, and it appears from a record brought to this court that the debtor sued out a certiorari complaining of that judgment, it will, as against him, when the record does not disclose anything to the contrary, be presumed that he was a party to the garnishment proceedings from which such judgment resulted.

2. In such a case the debtor can not maintain against the magistrate a rule for the money, without first showing that the judgment adjudging the fund subject to garnishment has on certiorari been set aside.

*Judgment reversed. All the Justices concurring, except Lewis, J., absent.*

LITTLE, J. I concur in the judgment.

Submitted May 1,—Decided July 22, 1902.

Money rule. Before Judge Lumpkin. Fulton superior court. November 11, 1901.

*S. D. Johnson*, for plaintiffs in error.
*John L. Hopkins & Sons*, contra.